Roane J.
By the Act of 1748, (Body of Laws, p. 181,) the judgment, in cases like the present, is to be for the penalty, though it may be discharged by the sum assessed by the jury. If this construction of the act wants any support, it may be derived from the case of Collins v. Collins, 2 Burr. 824, upon the construction of the Stat. 8 and 9 W. 3. c. 11. which is precisely similar to our Act, as to the point in question. The penalty therefore is that for which the plaintiff sues, and any sum below it is within the sum declared for. One reason why a judgment is erroneous, which is entered for more damages than the plaintiff has declared for, is, that he best knows the extent of the injury of n hich he complains, and consequently can best estimate the measure of the compensation.
This reason does not hold in the present case, because the sum recovered is less than the penalty of the .hand. The judgment I think ought to be reversed.
*187 Carrington I.- — 'This isa plain case, and I entirely concur in the opinion which has been delivered.
Lyons L — -There are two reasons assigned in arTest of judgment. The first is, that the proceedings are irregular. This is true; the proper plea was, s‘ conditions performed,” but the issue is substantially the same, and is cured by the verdict.
The second was noticed at the bar. I have always been of opinion, that in actions upon bonds for the payment of money, the laying of damages was unnecessary, for the Act of Assembly declares, that the penalty may be discharged by the payment of the principle, interest, and costs; saying nothing oí the damages. The point was so determined in this Court in a case which respected the jurisdiction of a Corporation Court.
The demand of the plaintiff, in actions upon bonds of this sort, is for the penalty; the parties have agreed to make that the standard of the damages, and the judgment is entered for it, though by the law the obligee is compelled to receive less than the damages thus agreed upon, if less be assessed by the jury. The breach laid is for the non-payment of the penalty, and not of the damages really sustained. The plaintiff therefore may recover less, though not more, than the penalty.
I am authorised by the President to say, that he entirely concers in this opinion.
The judgment of the District Court must be reversed, and that of the County Court affirmed.([1])

(1) Winslow v. The Commonwealth, 2 Hen. & Munf. 465. 469. Cloud v. Campbell, 4 Munf, 214.